# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6888 | **DATE** | 1/27/2009 |
| **CASE TITLE** | Herman, et al. Vs. County of Lake, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for summary judgment (66) and defendant's motion for summary judgment (47) are denied.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendant Lake County Metropolitan Enforcement Group (LCMEG) and plaintiffs have filed cross motions for summary judgment with respect to the policies of LCMEG as to intrusion into a home without a warrant. LCMEG cites Illinois cases in support of its contention that its policy is lawful. Illinois cases do not decide the federal constitutional issues involved. The law, as plaintiffs note, is that a police officer may follow a suspect from a public place into a home, without a warrant, when the police have probable cause to believe that the person being followed has committed a crime and that there is insufficient time to obtain a warrant because of "exigent circumstances." *E.g., U.S. v. Venters,* 539 F.3d 801, 806-07 (7th Cir. 2008). "Hot pursuit," one of the exceptions to the warrant requirement, requires a showing that the police had probable cause to arrest the fleeing person, and a necessity based on an exigent circumstance such as the danger that evidence would be destroyed. *E.g., U.S. v. Santana,* 427 U.S. 38, 42-43 (1976). The parties do not agree on the facts of this case, that is, on what basis officers went into plaintiffs' home. Plaintiffs appear to argue that it makes no difference and that defendant LCMEG is liable as a matter of law because its policy, on its face or as articulated by various witnesses, allowed the police to enter plaintiffs' home without satisfying the constitutional requirements for a warrantless entry. In this action under 42 U.S.C. sec. 1983, that is incorrect. There must be a violation of plaintitffs' rights, as well as resulting injury. On this disputed record, they are not entitled to summary judgment. As for defendant's motion, while it agrees that disputed facts preclude summary judgment in favor of or against the liability of any individual officer, it argues, as noted above, based on language in Illinois cases, that its policy is constitutional on its face and therefore that a *Monell* claim must fail. The language of defendant's policy does not decide the *Monell* claim. Defendant is correct that there is no evidence that LCMEG had a widespread practice of failing to investigate claims of excessive force. Neither is there any evidence, beyond the allegations in this case, that defendant had a policy that contributed to abuse of children. As plaintiffs note, the only evidence in the record is that LCMEG's own manual told officers that they needed to pay "special attention ... to the presence of children" before beginning an operation. Defendant's further claim that plaintiffs cannot establish a *Monell* claim based on faulty training on when officers can pursue someone into his home is more difficult. *Monell* liability must be based on deliberate indifference, which can be found when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the deficiency exhibits deliberate indifference on the part of the municipal policymakers." *Jenkins v Bartlett,* 487 F.3d 482, 492 (7th Cir. 2007). In this case, the various statements by police officers and their superiors raise questions as to what they believed was required when pursuing somone into his home. While negligence in training would not be a sufficient basis for liability, and the record establishes that the officers underwent extensive training, they would be expected to be trained on the requirements for a legal entry under exigent circumstances. It may be that the officers' training included education on these requirements, and that

**STATEMENT**

ambiguous statements in the record do not actually reflect their training (or even their knowledge) but on the rather messy record presented on these motions, summary judgment is denied. I note, finally, that plaintiffs agree, in their reply to defendant's motion for summary judgment, that they are not claiming a *Monell* violation based on Rasmussen's alleged policy making authority. .