UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE HERMAN, individually; et. al ) | |
| ) | No. 06 C 6888 |
| ) | Judge Bucklo |
| ) | Magistrate Judge Cole |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | |
| COUNTY OF LAKE, ILLINOIS; et al ) | |
| Defendants. ) | |

**AGREED MOTION TO DISMISS PURSUANT TO SETTLEMENT**

NOW COMES the Defendant, LAKE COUNTY METROPOLITAN ENFORCEMENT GROUP ("LCMEG") by and through its attorney, Janelle K. Christensen, Assistant State's Attorney for Lake County, and pursuant to its Motion to Dismiss, pursuant to Local Rule 17.1 and the Illinois Joint Tortfeasor and Contribution Act, requests that this Court approve the settlement between LCMEG as being in good faith and to dismiss LCMEG from this litigation with prejudice and without costs. In support of this Motion, the Defendant states:

1.      This lawsuit was filed against Defendant LCMEG and other defendants, alleging violations of the Plaintiffs' civil rights pursuant to 42 U.S.C § 1983. The lawsuit arises from a LCMEG buy-bust operation which occurred on December 14, 2004 at 921 Yeoman Street in Waukegan, Illinois. On that date, the Plaintiffs, who resided on 915 Yeoman Street, allege that the LCMEG agents who participated in the buy-bust operation at 921 Yeoman (the Defendant Officers), violated their civil rights by entering into their home without a warrant. With respect to Defendant, LCMEG, the Plaintiffs' allege a *Monell* policy claim.

2.      There are 11 total Plaintiffs. The following four were adults at the time of the occurrence: **George Harmon, Jacqueline Harmon**, **Shavanna Smith** and **Jason Durham Sr.**

Additionally, the following seven were minor children at the time of the occurrence: **Darius Harmon, Akilus Harmon, Jamese Austen, Javell Smith, Jamell Smith, Jacqui Wardell and Jason Durham Jr.** Akilius Harmon has attained the age of majority since the filing of the lawsuit.

3. Defendant LCMEG has denied, and continues to deny, that it has caused or contributed to Plaintiffs' alleged injuries and further has denied and continues to deny that the Plaintiffs' have a valid *Monell* policy claim against it. Notwithstanding, LCMEG desires to resolve this litigation now and to buy its peace through a proposed settlement.

4. On July 23, 2009, the parties participated in a pre-trial settlement conference before the Honorable Judge Bucklo. All parties were present and were represented by counsel. During this settlement conference, the Plaintiffs and Defendant LCMEG entered into a settlement agreement in the amount of $30,000.00 in exchange for the dismissal of this lawsuit, with prejudice and without costs, against Defendant LCMEG and as a full and final settlement of all matters in controversy between them, inclusive of attorneys fees for Plaintiffs' counsel. The litigation will remain pending against the Defendant Officers.

5. Local Rule 17.1 requires court approval of any proposed settlement of an action brought by or on behalf of an infant or incompetent. At the time of the occurrence, seven of the Plaintiffs were minors and six are minors at this time.

6. There are no counter claims and/or third party actions pending between the Defendants.

7. There are no pendant Illinois State claims alleged against LCMEG. However, the Plaintiffs allege pendant Illinois State claims against the Defendant Officers. The Illinois State claims are subject to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2(c) which provides:

> when a release or covenant not to sue or not to enforce judgment is given in good faith

to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide.

An alleged joint tortfeasor who makes a good faith settlement "is discharged from all liability for any contribution to any other tortfeasor." 740 ILCS 100/2(d).

9. Further, the Federal Common Law Settlement Rule bars any actions for contribution and indemnity if the settlement is approved by the court. *Resolution Trust Corporation v. Gallagher,* 815 F.Supp. 1107 (N.D. Ill. 1993).

10. The present settlement is fair, reasonable and was made in good faith.

WHEREFORE, Defendant LCMEG respectfully requests this Court to enter an order as follows:

1. Dismissing LCMEG with prejudice and without costs from this lawsuit. The lawsuit shall remain pending as to the Defendant Officers;

2. Finding that the settlement between Plaintiffs and Defendant LCMEG in the amount of $30,000, inclusive of attorneys fees, is fair, reasonable and in good faith and approved to 740 ILCS 100/2, Local Rule 17.1 and the Federal Common Law Settlement Bar Rule;

3. Ordering that any claim for contribution and indemnity filed at any time in the future against Defendant LCMEG is barred;

4. Granting any other relief this Court deems just and proper.

                                                     s/Janelle K. Christensen
                                                     JANELLE K. CHRISTENSEN
                                                     ASSISTANT STATE'S ATTORNEY

Attorney for Defendant LCMEG
Janelle K. Christensen, 6220116
Lake County State's Attorney Office
Civil Trial Division
18 North County Street
Waukegan, Il 60085
847-377-3050