THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE HERMAN, et al.,
                    Plaintiffs

         -vs-

COUNTY OF LAKE, et al.,
                    Defendants.

No. 06 C 6888

Judge Bucklo

Magistrate Judge Cole


**JOINT FINAL PRETRIAL ORDER**


     Plaintiffs, through their attorneys, Gregory X. Gorman and James A. Stamos, and

Defendants, through their attorneys Shirley R. Calloway, Kathleen L. Ford and James A. Lang,

respectfully submit the parties proposed Joint Final Pretrial Order.

     This  Final Pretrial Order contains the following subject matter and materials:

     1.) A Statement of Jurisdiction

     2.) A Statement of Claims

     3.)  A Statement of Relief sought

     4.)  A list of Plaintiffs's and Defendant's witnesses, including will call witnesses, may call

witnesses, expert witnesses, depositions to be read into evidence, and objections to same.

     5.)   Plaintiff and Defendant Exhibit lists and objections.

6.  Statement as to type of trial and estimated length.

7.   Statement of settlement history.

8.  The parties proposed voir dire.

9. Proposed Jury Instructions.


This order will control the course of the trial and may not be amended except by consent of

the parties, or by order of the court to prevent manifest injustice.


  /s/ Gregory X. Gorman//                                   /s/ Shirley Calloway//
Gregory X. Gorman, one of Plaintiffs'              Shirley R. Calloway, one of
   Attorneys                                                          Defendants attorneys


Entered:      December ___, 2009        _____
                                                            Honorable Elaine E. Bucklo, Judge

## 1.  JURISDICTION

This case is brought under the Civil Rights Act of 1871, 42 U.S.C. §1983 as amended; 42

U.S.C. §1985; 42 U.S.C. §1988; Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution. Plaintiffs have also plead supplemental state law claims.

Jurisdiction is not disputed.

## 2.  STATEMENT OF CLAIMS

Plaintiffs have brought claims under the Civil Rights Act of 1871, 42 U.S.C. §1983, 1985

1nd 1988, as amended, claiming violations of the Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution and the laws of the State of Illinois for illegal search and seizure,

excessive force, aggravated battery, and false arrest and imprisonment. The minor Plaintiffs have

also brought additional claims for aggravated assault and battery, false arrest, false

imprisonment, and intentional infliction of emotional distress.

The Defendants deny any violation of the Plaintiff's rights and deny any liability to them on

any of their claims.

## 3.  RELIEF SOUGHT

Plaintiffs seek the following relief from the jury: pre-and post-judgment interest,

compensatory, consequential and punitive damages for emotional pain, suffering, personal injury,

deprivation of civil rights, inconvenience, embarrassment, humiliation, injury to reputation,

willful and wanton conduct with the intent to cause personal harm, and other non-pecuniary

losses, any damages to which Plaintiffs may be entitled to under federal and/or state law, and

costs and disbursements of this action, including reasonable attorneys' fees pursuant to the Civil

Rights Attorney Fee Award Act of 1976, 42 U.S.C. §1988 and any other attorney fee statutes,

and for such other relief as either the jury or this court deems just and proper.

Defendant asks that no relief be awarded to Plaintiffs, and for its reasonable costs as may be

determined by the court. Defendants also object that the Plaintiffs have not itemized their

damages.

## 4. Witnesses

### A. Plaintiffs' will call the following witnesses:

| Name of Witness | Objection | No Objection |
|---|---|---|
| 1. George Harmon | _____ | ___X_____ |
| 2. Jacqueline Harmon | _____ | ____X____ |
| 3. Shavanna Smith Durham | _____ | _____X___ |
| 4. Jason Durham, Sr. | _____ | ____X__ |
| 5. Akilus Harmon | _____ | ___X_____ |
| 6. Darius Harmon | _____ | ___X_____ |
| 7. Jason Durham, Jr. | _____ | __X_____ |
| 8. Jamese Auston | _____ | ___X_____ |
| 9. Javell Smith | _____ | ___X_____ |
| 10. Jamell Smith | _____ | ___X_____ |
| 11. Jocqui Wordell | _____ | ___X_____ |

12. Charles Foy                    _____                __X_____

13. Chris Dador                    _____                ___X_____

14. Wendy Dumont                   _____                __X_____

15. Anthony Grunder                _____                ___X_____

16. Johnny Jiminez                 _____                ___X_____

17. Clarence Kropp                 _____                ___X_____

18. Keith Schultz                  _____                ___X_____

19. Michael Rodriguez              _____                ___X_____

20. Aaron Tokarz                   _____                __X_____

21. Patrick Zimmerman              _____                __X_____

**B. Plaintiffs' may call witnesses:**

   None.

   _____                _____

**C. Plaintiffs' expert witness**

   Dr. Gregory Sarlo                _____                _____

Dr. Sarlo is a Licensed Psychologist and current President of the Illinois Psychological Association. He examined three of the minor plaintiffs, Jamese Auston, Jason Durham, Jr., and Jamell Smith in connection with the psychological trauma they suffered as a result of the complaint of events. Using objective testing methods Dr. Sarlo found all three children showing clinical elevations in their levels of anxiety, disassociation and post dramatic stress.

   The Defendants have stipulated to Dr. Sarlo's expertise in the areas in which he will testify.

**Statement of  Defendants' objections to Plaintiffs' witnesses**

**E.  Defendants' will call the following witnesses:**

| Name of Witness | Objection | No Objection |
|---|---|---|
| 1. Wendy Dumont | _____ | __X___ |
| 2. Patrick Gara | _____ | __X____ |
| 3. Anthony Grunder | _____ | __X___ |
| 4. Johnny Jiminez | _____ | __X ___ |
| 5.  Clarence Kropp | _____ | __X____ |
| 6. Mike Rodriguea | _____ | __X____ |
| 7. Keith Schultz | _____ | __X____ |
| 8. Chris Sullivan | _____ | __X____ |
| 9.  Aaron Tokarz | _____ | __X____ |
| 10. Patrick Zimmerman | _____ | __X____ |

**F.  Defendants' may call witnesses**

| Names of Witnesses | Objection | No Objection |
|---|---|---|
| 1. Charles Foy | _____ | ___X___ |
| 2.  Mark Hobson | _____ | ___X____ |
| 3.  Lawrence Nosbaum | _____ | ___X___ |
| 4.  Mark Rasmussen | _____ | __X___ |

5. Steve Pettorelli                                            _____                    ___X___

6. Bret Wubben                                               _____                    ___X___

   Defendants reserve the right to call any witness listed by Plaintiffs.

## G. Defendants' expert witnesses

   ### Names of Witnesses:

   None

## H. Plaintiffs' objections to Defendants' witnesses

   ### Depositions to be read into evidence

   **i. By Plaintiffs** - Plaintiffs' do not anticipate reading any depositions into evidence, but reserve the right to do so in the event one of the above listed Plaintiffs' witnesses is unavailable at trial.

   **ii. By Defendants** - Defendants' do not anticipate reading any depositions into evidence, but reserve the right to do so in the event one of the above listed Defendants' witnesses is unavailable at trial.

## 5. Exhibits.

   ### A. Plaintiffs' Exhibits

   | Exhibit No. | Objection | No Objection |
   |---|---|---|
   | 1. Investigative Report of Officer Kenneth Free | ___X____ | _____ |
   | Objection: lack of foundation | | |
   | 2. Investigative Report of Officer Charles Foy | _____ | __X___ |

3.  George Harmon - Motion to Quash Arrest and

    Suppress Evidence                                         __X____                 _____

4.  Court Order -  Nolle Prosequi charges against

    George Harmon July 8, 2005                  ___X ___              _____

5.  Group Exhibit - photos of Plaintiffs'

    Home                                             __X ___              _____

| | **Objection** | **No Objection** |
|---|---|---|
| **B. Defendants' Exhibits** | | |
| 1. Group Exhibit LCMEG marked clothing and Badges | _____ | __**X**___ |
| 2. LCMEG marked shirt | _____ | ___X___ |
| 3. LCMEG marked hat | _____ | ___X___ |
| 4. Small patch marked "Police" | _____ | ____X__ |
| 5. Large Patch marked "POLICE" | _____ | ___X___ |
| 6. Police badge and pouch on chain | _____ | ___X___ |
| 7. Executed "Consent to Search" form | __X____ | _____ |

Plaintiffs' objection - see Plaintiffs' Motion *in limine*.

| | | |
|---|---|---|
| 8.  George Harmon's answers to Interrogatories | __X___ | _____ |

  Plaintiffs' objection - irrelevant except for impeachment.

| | | |
|---|---|---|
| 9. George Harmon's Written Statement, 12/14/04 | ___X__ | _____ |

  Plaintiffs' objection - irrelevant except for impeachment

10.  George Harmon's Statement of Constitutional Rights and Waiver, 12/14/04 _**X**__   _____

  Plaintiffs' objection - Irrelevant.

**6.  Type and length of trial**

This is a jury trial involving multiple Plaintiffs and defendants. It is estimated that the trial will take 5 to 7 days.

**7.  Settlement History**

The court conducted a pretrial settlement with the parties. The Plaintiffs' made a demand of $1.4 million. The Defendants made an offer of $60,000.

**8. Proposed Voir dire**

<u>**Plaintiffs:**</u>

A.  Have you, any close family member, or any close friend, ever been employed or otherwise involved in law enforcement? If yes, please explain.

B.  Do you believe that if someone has been arrested they must have done something wrong? If yes, please explain.

C.  If a police officer and another witness who has been arrested by that officer give conflicting or contradictory testimony as to the occurrence leading to the arrest, do you believe the police officer is more likely to be telling the truth, or would you wait to hear all the evidence before deciding who is telling the truth? Please explain.

<u>**Defendants:**</u>

A. Military Service, if any (branch, years of service, rank, duties, type of discharge).

B. Have you or a close friend or member of your immediate family been a party to or a witness in a civil lawsuit, administrative lawsuit, administrative action or criminal case (other than a routine traffic case)? If so, the type of proceeding(s), dates(s) and nature of your

involvement (plaintiff, defendant, witness, crime victim, etc.)

 C.  Do you have any feelings or opinions regarding the police that would affect your ability to be a fair and impartial juror in this case?

 D. Have you or has anyone in your immediate family or a close friend ever been arrest or had a negative encounter with a member of law enforcement? Would that knowledge affect your ability to be a fair juror in this case?

 E. Do you hold any philosophical or religious beliefs that would prevent you from sitting in judgment of another person or company?

 F. Is there anything about this case, the identity or status of parties, or anything else you've seen or heard today that would impair you ability to be a fair and impartial juror?

**9. Proposed Jury Instructions.**

 Filed under separate cover.

  //s// Gregory X. Gorman          //Shirley R. Calloway//
One of the Attorneys for Plaintiffs          One of the Attorneys for Defendants

Gregory X. Gorman
220 S. Halsted Street
Suite 200
Chicago, IL 60661
312 332-4240